**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | |
| Plaintiffs, | CIVIL ACTION NO.  6:13-cv-795 |
| v. | **JURY TRIAL DEMANDED** |
| KASPERSKY LAB, INC., | |
| Defendant. | |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Kaspersky Lab, Inc. for infringement of U.S. Patent No. 5,490,216 ("the '216 patent").

### THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Ste. 806, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 75, Boulevard Grande Duchesse Charlotte, L-1331, Luxembourg.

3.      Uniloc researches, develops, manufactures and licenses information security technology solutions, platforms and frameworks, including solutions for securing software applications and digital content.  Uniloc's patented technologies enable software and content publishers to securely distribute and sell their high-value technology assets with minimum

burden to their legitimate end users.  Uniloc's technology is used in several markets, including

software and game security, identity management, intellectual property rights management, and

critical infrastructure security.

4.      Kaspersky Lab, Inc. ("Kaspersky" or "Defendant") is a Massachusetts corporation

with its principal place of business at 500 Unicorn Park, 3rd Floor, Woburn, Massachusetts

01801.  Kaspersky may be served with process through its registered agent Stephen A. Orenberg,

500 Unicorn Park Drive, Woburn, Massachusetts 01801.  Upon information and belief,

Kaspersky does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the

United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and

1400(b).  On information and belief, Defendant is deemed to reside in this judicial district, has

committed acts of infringement in this judicial district, has purposely transacted business

involving its products which utilize the accused product activation system and process in this

judicial district and/or has regular and established places of business in this judicial district.

7.      Defendant is subject to this Court's specific and general personal jurisdiction

pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial

business in this State and judicial district, including:  (A) at least part of its infringing activities

alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent

conduct, and/or deriving substantial revenue from goods sold and services provided to Texas

residents.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 5,490,216)

8.      Uniloc incorporates paragraphs 1 through 7 herein by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of the '216 patent, entitled "SYSTEM FOR SOFTWARE REGISTRATION."  A true and correct copy of the '216 patent is attached as Exhibit A.

10.      Uniloc USA is the exclusive licensee of the '216 patent with ownership of all substantial rights, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

11.      The '216 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12.      Defendant is directly infringing one or more claims of the '216 patent in this judicial district and elsewhere in Texas, including at least claim 19, without the consent or authorization of Uniloc, by or through making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Kaspersky's product activation system and process that permits customers to activate and/or register software, including but not limited to the product activation system and process utilized with Kaspersky Anti-Virus 2014.

13.      Defendant may also be infringing through other product activation systems and processes that permit customers to activate and/or register software not presently known to Uniloc.  Uniloc reserves the right to discover and pursue relief against all infringing instrumentalities.

3

14.     Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15.     Any allegation of infringement against Defendant herein was not made on the basis of its use, sale, offer for sale, making or importing of any product, software, system, method or service provided by Flexera Software LLC or Rovi Solutions Corporation or any of their present or former affiliates or predecessors (including Flexera Software, Inc., Acresso Software Inc., Installshield Software Corporation, Flexco Holding Company, Inc., Installshield Co Inc., Globetrotter Software, Inc., C-Dilla Limited and Macrovision Corporation) (each a "Licensee Product"), including any product, software, system, method or service incorporating or using the activation, licensing, or registration functionality provided by such Licensee Product.

## JURY DEMAND

Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a.     Judgment that one or more claims of the '216 patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's infringing activities and other conduct complained of herein;

4

c.      Judgment that Defendant account for and pay to Uniloc a reasonable, on-going, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d.      That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.      That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 18, 2013

Respectfully submitted,

/s/ Anthony G. Simon
Anthony G. Simon
Timothy D. Krieger
Benjamin R. Askew
Michael P. Kella
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO  63101
Telephone:  (314) 241-2929
Facsimile:  (314) 241-2029
asimon@simonlawpc.com
tkrieger@simonlawpc.com
baskew@simonlawpc.com
mkella@simonlawpc.com

James L. Etheridge
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Road, Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. and UNILOC
LUXEMBOURG S.A.**