UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

UNILOC USA, INC and UNILOC
LUXEMBOURG S.A.,

          Plaintiff,

Civil Action No.:
6:13-CV-795

vs.

KASPERSKY LAB, INC.,

          Defendants.

## Answer and Counterclaims by Kaspersky Lab, Inc.

In accordance with Fed. R. Civ. P. 8(b), Defendant Kaspersky Lab, Inc. ("Kaspersky") generally denies all the allegations in Plaintiffs' ("Uniloc") Complaint except for the following specific admissions and qualifications:

1. The allegations in paragraphs 4-5 are admitted.

2. The allegations in paragraphs 1, 2, 9, 10, and 15 are denied because Kaspersky lacks information sufficient to admit or deny them.

3. Subject matter jurisdiction is admitted under 28 U.S.C. § 1131 and 1338.

4. It is admitted that personal jurisdiction and venue are proper in this district.

## Affirmative Defenses

A. Kaspersky's products do not infringe any valid claim of U.S. Patent 5,490,216 (the '216 patent).

B.      Kaspersky has not engaged in and is not engaging in activities that constitute infringement, whether direct, contributory, or by inducement, of any valid claim of the '216 patent.

D.      The '216 patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, or 103, or failure to comply with the requirements of 35 U.S.C. §§ 112 and 116, and other applicable statutory sections.

E.      Uniloc's damages claims are barred in whole or in part for failure to give statutory notice under 35 U.S.C. § 287.

F.      Uniloc's claim of willful infringement is barred by laches, failure to give notice of the '216 patent, and by failure to seek a preliminary injunction.

G.      Kaspersky's own patents or the patents of third parties bar in whole or in part any claim of infringement under the Doctrine of Equivalents.

H.      Uniloc's claims against Kaspersky are barred in whole or in part by the doctrines of acquiescence, consent, license, or intervening rights.

I.      Uniloc's claims against Kaspersky are barred in whole or in part by Plaintiff's unclean hands.

## Counterclaims

1. Counterclaims against Uniloc that arise out of or are related to the '216 patent are authorized by Fed. R. Civ. P. 13.

### Count One—Declaration of Non-infringement of the '216 Patent

2. There is an actual and justiciable controversy between Kaspersky and Uniloc about whether Kaspersky is liable for infringement of the '216 patent.

3. Kaspersky has not engaged in and is not engaging in activities that constitute infringement, whether direct, contributory, or by inducement, of any valid claim of the '216 patent.

### Count Two—Declaration of Invalidity of the '216 Patent

4. The allegations of paragraphs 1-3 of this counterclaim are incorporated by reference.

5. There is an actual and justiciable controversy between Kaspersky and Uniloc about the validity of the '216 patent.

6. The '216 patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, or 103, or failure to comply with the requirements of 35 U.S.C. §§ 112 and 116, and other applicable statutory sections.

### Demand for Jury Trial

Kaspersky demands a trial by jury on all issues that may be so tried under U.S. law.

## Request for Relief

Kaspersky respectfully requests that the Court enter judgment, including:

A. An order declaring that Kaspersky, its customers, and all end-users of its products have not infringed and are not infringing the '216 patent;

B. An order declaring that the '216 patent is invalid;

C. An injunction prohibiting Uniloc from alleging infringement of the '216 patent by Kaspersky, its customers, or any end-users of Kaspersky products;

D. An award of damages that Kaspersky has sustained, along with pre-judgment and post-judgment interest;

E. A declaration that this case is "exceptional" within the meaning of 35 U.S.C. § 285;

F. An award of Kaspersky's attorneys fees and costs incurred in connection with this action; and

G. Such other and further relief that this Court deems proper and just.

Dated: January 2, 2014

By     s/Harry L. Gillam, Jr.
Harry L. Gillam, Jr.
(Atty No. 07921800)
gil@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX  75670
Phone:  (903) 934-8450
Fax: (903) 934-9257

*Attorneys for
Kaspersky Lab, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 2nd day of January, 2014, per Local Rule CV-5(a)(3).

                                      */s/ Harry L. Gillam, Jr.*
                                      Harry L. Gillam, Jr.